# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

**STEADFAST INVESTMENTS**
**AND PROPERTIES, LLC,**

    Plaintiff,                                            Civil Action No. 1:23-cv-01091

v.                                                     JURY DEMANDED

**AMGUARD INSURANCE COMPANY,**

    Defendant.

## COMPLAINT

COMES NOW Plaintiff, Steadfast Investments and Properties, LLC, by and through counsel, and for its Complaint against AmGuard Insurance Company, would respectfully state and show as follows:

### PARTIES AND JURISDICTION

1.    Plaintiff, Steadfast Investments and Properties, LLC ("Steadfast") is a Tennessee limited liability company having its principal place of business at 2615 Forest Hill Irene Road, Germantown, Tennessee 38139. Steadfast has three members, all of which are residents of the State of Tennessee.

2.    Defendant AmGuard Insurance Company ("AmGuard") is an insurance company conducting business in the state of Tennessee, with its principal place of business in Wilkes-Barre, Pennsylvania. AmGuard is organized under the laws of the State of Pennsylvania.

3. At all relevant times, Steadfast owned the commercial real property and building (a convenience store and gas station) located at 1819 Highway 45 Bypass, Jackson, Tennessee 38305 (the "Insured Premises").

4. This Complaint originates as the result of a fire, which caused significant damage to the building located on the Insured Premises, and AmGuard's unlawful actions in refusing to properly pay the amounts owed to Steadfast.

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 in that there exists diversity of citizenship between the parties, who are citizens of different states, and Plaintiff claims in excess of $75,000.00 in damages in this action, exclusive of interest, fees, and costs. Venue in this Court is appropriate as the claims arose in this judicial district.

## FACTS

### The Lease

6. At all times relevant hereto, Steadfast was the owner of the Insured Premises. Steadfast purchased the Insured Premises in 2015 from Couch Investments, LLC.

7. Prior to the sale to Steadfast, the Insured Premises was owned by Couch Investments, LLC. By lease dated August 13, 2014, Couch Investments, LLC leased the Insured Premises to Bassam Hizam Gobah and Zaid Draham Alshaif (the "Lease"), a true and correct copy of which is attached hereto as ***Exhibit A***. Gobah and Alshaif subsequently assigned their duties and obligations under the Lease to Zaid Group, Inc. by virtue of a "Assumption Agreement Without Release," attached hereto as ***Exhibit B***.

8. As part of Steadfast's purchase of the Insured Premises, the rights and obligations of the lessor under the Lease were assigned to and assumed by Steadfast pursuant to an Assignment of Lease dated December 1, 2015, a copy of which is attached hereto as ***Exhibit C***.

9. Section 8 of the Lease provided that in the event of a total destruction of the building located on the Insured Premises and Steadfast's election to not rebuild, the Lease is "terminated upon the date of such destruction and all insurance proceeds shall be retained by [Steadfast] as its own," thereby assigning all of the Zaid Group's interest and rights to insurance benefits and proceeds under the Building coverage of the Policy to Steadfast effective only upon the destruction of the building located on the Insured Premises and Steadfast's election not to rebuild.

## The Policy

10. At all times relevant hereto, AmGuard insured the building located on the Insured Premises against property damage, pursuant to an insurance contract obtained by the Zaid Group bearing Policy No. ZABP185158 (the "Policy").

11. As relevant hereto, the Policy's term was October 20, 2020, through October 20, 2021.

12. The Policy contains an Additional Insured endorsement, which identifies Steadfast as an additional insured pursuant to the coverage terms of the Policy.

13. The Policy also contains a Loss Payable endorsement, which identifies Steadfast as a "loss payee." By naming Steadfast as a loss payee, AmGuard agreed to include Steadfast on loss payments.

14. The Additional Insured endorsement and/or the Loss Payable endorsement created a binding contract between AmGuard and Steadfast.

15. Alternatively, Steadfast was an intended third-party beneficiary of the binding contract between AmGuard and Zaid Group, both of whom demonstrated a clear intent to have the contract operate for the benefit of Steadfast.

16. The Policy is incorporated herein by reference as if set forth verbatim and is attached hereto as ***Exhibit D***.

17. The Policy provided insurance coverage for "direct physical loss of or damage to" the Insured Premises resulting from any "Covered Cause of Loss." The Policy is an "all risk" insurance policy, which means that coverage is provided for all direct physical loss of, and damage to, the Insured Premises, unless the loss is specifically excluded or limited by the Policy.

18. The Declarations page of the Policy reveals that Building coverage was provided with a stated limit of $827,742.00.

## The Loss

19. On May 21, 2021, the Insured Premises was substantially damaged by a fire (the "Loss").

20. The Policy was in effect at the time of the Loss, and the Loss was a compensable claim under the terms of the Policy. As it relates to the Loss, there are no applicable exclusions or limitations.

21. The Loss was promptly reported to AmGuard.

22. AmGuard accepted the Loss as a covered claim and issued an actual cash value payment for repairs in the amount of $180,610.42 jointly to Zaid Group and Steadfast on August 18, 2022.

## Post-Loss Termination of Lease and Settlement Agreement Between Steadfast and Zaid

23. After the Loss, Steadfast elected to not rebuild the Property and terminated the Lease. Litigation ensued between Steadfast and Zaid Group, which ended pursuant to the terms of a Settlement Agreement dated November 17, 2022, a copy of which is attached hereto as ***Exhibit E***.

24. As part of the settlement, Zaid Group assigned any and all rights and claims to insurance proceeds associated with the Loss to Steadfast, excluding Zaid Group's rights to retain insurance benefits associated with its own business personal property.

## Tennessee's Valued Policy Law

25. In Tennessee, valued insurance policies covering structures must be paid at the full value listed on the policy if the loss is total in nature. *See*, *e.g.*, *Price v. Allstate Ins. Co.*, 614 S.W.2d 377, 379 (Tenn. Ct. App. 1981) (citing *Third Nat. Bank v. Am. Eq. Ins. Co. of N.Y.*, 178 S.W.2d 915 (Tenn. Ct. App. 1943); *Couch on Insurance 2d*, Anderson, § 54:104, *Valued Policies or Statutes*, at 381) ("If the policy is a valued policy, the valuation fixed in the policy is conclusive since the claim is for a total loss."). Tennessee courts have held the valued policy statutes are to be read into every fire insurance policy in force in this state. *Commercial Union Ins. Co. v. Sneed*, 541 S.W.2d 943, 945 (Tenn. 1976).

26. The valued policy statutes in Tennessee are codified at Tenn. Code Ann. §§ 56-7-801 to 803.

27. Tennessee courts have held that "the valued policy statute was enacted primarily to protect the insured from being subjected to the insurer's argument that the building had been over insured and gives the insurer an incentive to inspect risks and assist insureds in establishing proper insurance evaluations." *Price v. Allstate Ins. Co.*, 614 S.W.2d 377, 381 (Tenn. Ct. App. 1981). The Tennessee Supreme Court has held:

> The Legislature has said to fire insurance companies, in effect, you shall not insure property beyond its fair value; and, if you do this, you shall not be liable beyond that fair value. But, if you ignore this law, then you stand liable for the amount of insurance that you did issue; and you cannot be allowed to escape liability for such amount on the ground that you defied the law and overinsured the property.

5

*Riddick v. Yorkshire Ins. Co.*, 52 S.W.2d 166, 169 (Tenn. 1932). The valued policy statutes are considered "remedial statutes," and they should be "liberally construed in furtherance of their purpose." *Id.*

### Application of the Valued Policy Law to the Loss

28. By Order entered August 19, 2022, the Environmental Court of the City of Jackson, Tennessee mandated that the building located on the Insured Premises be demolished as a result of the Loss. A copy of the "Order Requiring Demolition" is attached hereto as ***Exhibit F***.

29. Steadfast complied with the demolition order and demolished the building located on the Insured Premises.

30. The demolition order was in direct response to the Loss. Pursuant to the demolition order, the subject fire caused damage to the building located on the Insured Premises that required removal of the entire structure. Because the fire caused damage to the building that required removal of the entire structure down to its foundation, the building lost all its identity and characteristics as a structure and is a total loss. *Horton v. State Farm Fire & Cas. Co.,* No. 1:16-CV-59, 2017 U.S. Dist. LEXIS 92798 (E.D. Tenn. Jan. 17, 2017). C*incinnati Ins. Co. v. Banks,* 610 F. App'x 453, 460 (6th Cir. 2015).

31. At the time of the Loss on May 21, 2021, the Policy had been in place for more than ninety (90) days.

32. At the time of the Loss on May 21, 2021, AmGuard had not changed, altered, modified, or amended the Building limit of the Policy, as originally issued on October 20, 2020.

33. Because the Insured Premises suffered a total loss as a result of the fire at issue, policy limits are owed pursuant to Tennessee's valued policy law. Tenn. Code Ann. §§ 56-7-801 to 803.

34. The value placed on the building located on the Insured Premises by AmGuard was $827,742.

### AmGuard's Refusal to Pay Steadfast As Required by the Policy

35. Steadfast has fulfilled all duties imposed upon it by AmGuard and is at no fault in this matter. AmGuard, however, has failed to fully and promptly pay the amounts owed to Steadfast as required by Tennessee law.

36. AmGuard's refusal to pay Steadfast's valid claim is in violation of the terms of the Policy and Tennessee law.

37. There is no reasonable coverage dispute or other justifiable reason for AmGuard's failure to pay Steadfast's claim for the policy limits associated with the Building located on the Insured Premises.

38. AmGuards's failure to timely pay Steadfast the amount owed pursuant to the Policy is without justification. Indeed, AmGuard wholly failed to provide any response whatsoever to Steadfast's request for payment of the remaining policy limits of $647,131.58.

39. AmGuard's failure to pay the money and benefits due and owing Steadfast under the Policy has caused Steadfast to initiate this Complaint to recover the insurance proceeds to which it is entitled.

40. As a direct and proximate cause of AmGuard's actions/inactions, Steadfast has sustained substantial compensable losses, including all amounts due Steadfast under the Policy and Tennessee law.

## CAUSES OF ACTION

### Count I – Breach of Contract

41. The allegations contained in the preceding paragraphs of this Complaint are incorporated herein by reference, as if set forth verbatim herein.

42. The Policy is a binding contract between Steadfast and AmGuard, and is supported by valid consideration.

43. Alternatively, Steadfast is an intended third-party beneficiary to the binding contract between Zaid Group and AmGuard. In the second alternative, Steadfast was assigned the rights and benefits associated with the subject insurance claim for the Loss to the building located on the Insured Premises.

44. AmGuard is in total, material breach of the Policy, and AmGuard is liable to Steadfast under the Policy for the total loss sustained to the building located on the Insured Premises as a result of the subject fire. Specifically, AmGuard breached its contract with Steadfast by its failure and refusal to fully and promptly pay the amounts owed to Steadfast as a result of the Loss as required by the terms of the Policy and Tennessee law.

45. As a result of AmGuard's breaches of contract, Steadfast has sustained substantial compensable losses in an amount equal to the policy limits on the Building coverage set forth in the Declarations to the Policy, less a credit for the amount previously paid, plus interest thereon.

46. AmGuard is liable to Steadfast for its losses.

### Count II – Declaratory Judgment

47. The allegations contained in the paragraphs above in this Complaint are incorporated herein by reference as if set forth verbatim.

48. Steadfast requests that this Court enter a declaratory judgment declaring its rights with respect to the Policy and the Loss pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. Proc. 57.

49. There is an actual controversy between Steadfast and AmGuard concerning the amount owed to Steadfast.

50. Steadfast seeks a declaration that the Policy's limit of $827,742.00 for the building located on the Insured Premises is owed to Steadfast because all requirements of Tennessee's valued policy statutes are satisfied in this case, as follows:

   a. The Policy had been in place for more than ninety (90) days at the time of the Loss;

   b. As a result of the Loss, the building located on the Insured Premises suffered a total loss.

51. Therefore, Steadfast requests that the Court enter an Order declaring that the Policy's $827,742.00 limit is due and owing to Steadfast, less a credit for amounts previously paid.

WHEREFORE, as a result of the foregoing, Steadfast respectfully requests that proper process be issued and served on AmGuard requiring it to answer or otherwise respond in the time period allotted by law, and that this Honorable Court award judgment against AmGuard as follows:

   A. For compensatory damages as a result of AmGuard's breach of contract;

   B. For a declaration that the Policy limits of $827,742.00 on the building located on the Insured Premises is due and owing to Steadfast, less a credit for amounts previously paid.

   C. For all costs incurred by Steadfast as a result of this action;

   D. For pre- and post-judgment interest; and

   E. For such other further and general relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a jury.

Respectfully submitted,

McWHERTER SCOTT & BOBBITT, PLC

s/ *J. Brandon McWherter*
J. BRANDON McWHERTER #21600
brandon@msb.law
EMILY S. ALCORN #033281
emily@msb.law
341 Cool Springs Blvd, #230
Franklin, Tennessee 37067
Telephone: (615) 354-1144

and

VINCENT K. SEILER, BPR # 19865
SEILER & HOUSTON, PLLC
125B Stonebridge Boulevard (38305)
Post Office Box 10455
Jackson, Tennessee  38308
Telephone: (731)300-3656
Facsimile (731)300-3657
vks@seiler-houston.com

*Attorneys for Plaintiff*