IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| STEADFAST INVESTMENTS AND PROPERTIES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:23-cv-01091-JDB-jay |
| AMGUARD INSURANCE COMPANY, | ) ) | |
| Defendant. | ) | |

ORDER GRANTING MOTION TO CERTIFY QUESTION TO THE
TENNESSEE SUPREME COURT & ADMINISTRATIVELY CLOSING CASE

Before the Court is Plaintiff, Steadfast Investments and Properties, LLC's ("Steadfast")

motion for certification of question to the Tennessee Supreme Court.  (Docket Entry ("D.E.") 32.)

Defendant, Amguard Insurance Company ("Amguard") filed a response (D.E. 34) to which

Plaintiff replied (D.E. 38).  For the following reasons, Steadfast's motion to certify is GRANTED.

**FACTUAL BACKGROUND**

I.    The Fire

Amguard insured the premises located at 1819 Highway 45 Bypass in Jackson, Tennessee,

for over ninety days when, on May 21, 2021, a fire affected the commercial building on that

property.  (D.E. 24-1 at PageID 201.)  Steadfast owned the property but leased it to Zaid Group,

Inc., who had contracted with Defendant for the policy of insurance.  (D.E. 26 at PageID 217.)

The parties disagree as to whether the fire destroyed or merely damaged the subject property;

however, they agree that the Environmental Court of the City of Jackson entered a demolition

order for it.  (D.E. 24-1 at PageID 201.)  As a result of the loss, Amguard made an actual cash

value payment of $180,610.42 for repairs to Steadfast and Zaid Group on August 18, 2022.  (D.E. 1 at PageID 4.)  Seeing the policy as "valued," Plaintiff initiated this lawsuit.  (*Id.* at PageID 7.)

II.    The Insurance Policy

The contract of insurance provided for building coverage on the subject property with a limit of $827,742 and a replacement cost valuation.  (D.E. 26 at PageID 217.)  Additionally, the agreement indicated that the insurer could pick one of four options in the event of loss: "(1) [p]ay the value of lost or damaged property; [p]ay the cost of repairing or replacing the lost or damaged property; (3) [t]ake all or any part of the property at an agreed or appraised value; or (4) [r]epair, rebuild or replace the property with other property of like kind and quality . . . ."  (*Id.* at PageID 218.)   Further, a provision noted that Amguard would "determine the value of Covered Property . . . [a]t replacement cost without deduction for depreciation . . . ."  (*Id.*)  Moreover, the policy provided that "the most [insurer] will pay for loss or damage in any one occurrence is the applicable Limits of Insurance[.]"  (*Id.* at PageID 219.)  Finally, the contract contemplated an appraisal process if the parties "disagree[d] on the amount of loss."  (*Id.* at PageID 220.)

**CERTIFICATION STANDARD**

Tennessee Supreme Court Rule 23 permits certification of questions to the state's highest court by federal courts "when the certifying court determines that, in a proceeding before it, there are questions of law of [Tennessee] which will be determinative of the cause and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of Tennessee."  Tenn. Sup. Ct. R. 23(1).  "Certification is most appropriate when the question is new and state law is unsettled."  *Pennington v. State Farm Mut. Auto. Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009) (quoting *Transamerica Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir. 1995)) (internal quotation marks omitted).  However, "federal courts generally will

not trouble our sister state courts every time an arguably unsettled question of state law comes across our desks. When we see a reasonably clear and principled course, we will seek to follow it ourselves." *Id.* (quoting *Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir. 2007)) (internal quotation marks omitted). As the Tennessee Supreme Court has noted, "[r]ather than requiring a federal court to make the law of this state or to abstain from deciding the case until the state courts resolve the point of law, answering certified questions from federal courts promotes judicial efficiency and comity and also protects this state's sovereignty." *Renteria-Villegas v. Metro. Gov't of Nashville & Davidson Cnty.*, 382 S.W.3d 318, 320 (Tenn. 2012); *see Eiswert v. United States*, 619 F. App'x 483, 486 (6th Cir. 2015).

## ANALYSIS

Plaintiff has moved to certify the following question:

> When an insurance company insures a property in Tennessee with a stated policy limit for building coverage, and the requirements for a "valued" policy under Tenn. Code Ann. §§ 56-7-801 – 803 are otherwise satisfied, is the policy a "valued" or "open" policy under Tennessee law when the insurance policy also includes: (1) "replacement cost" as an available damages valuation method for covered losses; and (2) an appraisal condition?

(D.E. 32.) As a threshold matter, this question is dispositive. Steadfast has acknowledged that the question is determinative. (D.E. 32-1 at PageID 328.) And although Defendant argues to the contrary in response to the instant motion (D.E. 34 at PageID 339–40), that argument is questionable because Amguard has also filed a cross-motion for judgment on the pleadings, seeking a determination that the policy is "open" and a dismissal of this action (D.E. 26 at PageID 228). Thus, the parties agree that this question is determinative.

Likewise, it would appear based on the submissions of the parties that the Tennessee Supreme Court's decisions on this issue have not made the answer to this question clear. Steadfast points to multiple judgments of the appellate courts of Tennessee that Plaintiff claims hold that

every fire insurance policy is valued after ninety days under Tennessee Code Annotated §§ 56-7-801–803.  (*See* D.E. 24-1 at PageID 205 (citing *Com. Union Ins. Co. v. Sneed*, 541 S.W.2d 943, 944 (Tenn. 1976); *Riddick v. Yorkshire Ins. Co.*, 52 S.W.2d 166 (Tenn. 1932); *Price v. Allstate Ins. Co.*, 614 S.W.2d 377, 379 (Tenn. Ct. App. 1981); *Palatine Ins. Co. v. E. K. Hardison Seed Co.*, 303 S.W.2d 742, 747 (Tenn. Ct. App. 1957); *Newark Fire Ins. Co. v. Martineau*, 170 S.W.2d 927 (Tenn. Ct. App. 1943)).)  Meanwhile, Amguard quotes the Tennessee Court of Appeals as saying that the valued policy law "has no application to an open fire insurance policy . . . ." (*See* D.E. 26 at PageID 222 (quoting *Lasater v. Equitable Fire & Marine Ins. Co.*, 483 S.W.2d 740, 746 (Tenn. Ct. App. 1971)).).  Further, Defendant recites a statement by the Tennessee Supreme Court that "[i]n a valued policy[,] the value of the subject matter is agreed upon beforehand.  If there is anything in the policy which clearly indicates an intention on the part of the insurer to value the risk and loss, in whatever words expressed, the policy is valued." (*See id.* (quoting *Palatine*, 303 S.W.2d at 747).)

The problem is that the cases relied upon by Amguard are not as clear as it suggests.  In both *Lasater* and *Palatine*, the underlying opinions are unrelated to the valued policy law.  For instance, *Lasater* quoted *Newark Fire Insurance Company v. Martineau*, which dealt with an open policy because the loss occurred within the ninety-day inspection window.  *Newark*, 170 S.W.2d at 930.  Similarly, *Palatine* contemplated insurance for truck theft, not fire loss, and it quoted from a Fifth Circuit Court of Appeals case about the death of citrus trees from a freeze.  *See Palatine*, 303 S.W.2d at 746–47 (quoting *Am. Ins. Co. v. Gentile Bros. Co.*, 109 F.2d 732, 735 (5th Cir. 1940)).  As such, while the quotes referenced by Defendant suggest that the valued policy law is inapplicable here if the policy is open, those citations do not withstand scrutiny.

Further complicating matters, Amguard references two recent decisions of the United States District Court for the Eastern District of Tennessee, wherein the same counsel represented the plaintiffs as Steadfast here, and in both instances, the court found the fire insurance policies to be open.  *See Liang v. Rock Ridge Ins. Co.*, No. 22-cv-344 (E.D. Tenn. Sept. 8, 2023), ECF No. 35; *Liu v. Rock Ridge Ins. Co.*, -- F. Supp. 3d --, No. 22-cv-239, 2023 WL 6063802 (E.D. Tenn. 2023).  However, a review of those opinions shows that neither fully addressed the legal question posed by Plaintiff.  The Eastern District, instead, engaged in a contractual analysis without first determining whether the valued policy law was written into the agreements at issue as a matter of law.  Consequently, while it would appear that the Eastern District has implicitly acknowledged that not every fire policy in Tennessee must be valued, it has not elaborated on its reasoning. So, it is difficult to ascertain if that court's conclusions should be persuasive here.

Accordingly, the law appears unsettled as to whether the instant insurance policy was valued as a matter of law.  Because that issue is determinative, and the Tennessee Supreme Court has a procedure available for this Court to refer a question to it, the prudent choice is to request that court to answer the question posed by Plaintiff.[1]

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to certify (D.E. 32) is GRANTED.  Because this case would be stayed pending a decision by the Tennessee Supreme Court and this Court cannot determine when the stay might be lifted, the Clerk is DIRECTED to close this file for

---

[1]     Defendant suggests that this Court should follow the Eastern District's lead in declining to certify.  *See Liang*, 2023 WL 5833186 (E.D. Tenn. Sept. 8, 2023).  In District Judge Charles E. Atchley, Jr.'s order denying certification, he did not address the conflicting law described above, only that the case could be decided through contractual interpretation.  However, if, as Plaintiff suggests, the statute requires that the valued policy law be read into every fire insurance agreement, then the text of the contract itself does not control.  Therefore, the appropriate path is to ask Tennessee's highest court to resolve this issue.

administrative purposes.  The parties may move to reopen the case, without payment of another filing fee, when or if appropriate.  All pending motions are procedurally terminated without prejudice to refiling.  Finally, the Clerk, in accordance with Tennessee Supreme Court Rule 23(4), is DIRECTED to serve copies of this Certification Order upon all counsel of record in this cause and file with the Clerk of the Supreme Court of Tennessee in Nashville this Certification Order, under the seal of this Court, along with proof of service.

The Court designates Steadfast as the moving party for certification.  *See* Tenn. Sup. Ct. R. 23(3)(E).  The parties and their counsel appear below.  *See* Tenn. Sup. Ct. R. 23(3)(C)–(D).

**For Plaintiff, Steadfast Investments and Properties, LLC:**

Clinton H. Scott
McWherter Scott & Bobbitt PLC
54 Exeter Rd., Suite D
Jackson, TN 38305
731-664-1340

Emily S. Alcorn
McWherter Scott & Bobbitt PLC
341 Cool Springs Blvd., Suite 230
Franklin, TN 37067
615-354-1144

Nancy Rankin Steer
McWherter Scott & Bobbitt PLC
341 Cool Springs Blvd., Ste. 230
Franklin, TN 37067
615-354-1144

Vincent Kyle Seiler
Seiler & Houston, PLLC
PO Box 10455
Jackson, TN 38308
731-300-3656

James Brandon McWherter
McWherter Scott & Bobbitt PLC
341 Cool Springs Blvd, Suite 230
Franklin, TN 37067
615-354-1144

**For Defendant, Amguard Insurance Company:**

Jeremey Ross Goolsby
Frost Brown Todd LLC
150 3rd Avenue South, Suite 1900
Nashville, TN 37201
615-251-5550

IT IS SO ORDERED this 28th day of December 2023.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE