IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

STEADFAST INVESTMENTS AND )
PROPERTIES, LLC, )
 )
    Plaintiff, )
 )
v. )           Case No. 1:23-cv-01091-JDB-jay
 )
AMGUARD INSURANCE COMPANY, )
 )
    Defendant. )

### ORDER DENYING PLAINTIFF'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL AND TO STAY LITIGATION

Before the Court is the motion of Plaintiff, Steadfast Investments and Properties, LLC ("Steadfast"), to amend and certify order for interlocutory appeal and to stay litigation. (Docket Entry ("D.E.") 63.) Defendant has responded in opposition. (D.E. 66.) For the following reasons, the motion is denied.

### BRIEF PROCEDURAL BACKGROUND

On July 1, 2024, the Court denied Plaintiff's motion for judgment on the pleadings (D.E. 62) seeking a determination that the subject insurance policy was valued as a matter of law (D.E. 24) and granted Defendant's cross-motion for judgment on the pleadings (D.E. 25). The Court did not, however, dismiss this case because it appeared from the complaint that Steadfast intended to seek compensatory damages for an alleged breach of contract regardless of whether the policy was valued. (D.E. 1.) Plaintiff confirmed that intention in a status conference on July 25. (D.E. 67.) Steadfast filed this motion on July 11, 2024, asking the undersigned to certify the order denying Plaintiff's motion for judgment on the pleadings for interlocutory appeal and to stay this case pending appellate review to which Defendant objects. (D.E. 63 & 66.)

**LAW & ANALYSIS**

Title 28 U.S.C. § 1292 limits the jurisdiction of appellate courts to consider interlocutory appeals except in certain circumstances.  28 U.S.C. § 1292.  One such circumstance is where the district judge is "of the opinion that [an] order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]"  § 1292(b).  A "substantial ground for difference of opinion" exists only where:

> 1) the question is difficult, novel, and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; 2) the question is difficult and of first impression; 3) a difference of opinion exists within the controlling circuit; or 4) the circuits are split on the question.

*DRFP, LLC v. Republica Bolivariana de Venezuela*, 945 F. Supp. 2d 890, 918 (S.D. Ohio 2013) (citation omitted).  Lastly, the Sixth Circuit generally disfavors interlocutory appeals and has cautioned district courts only to grant such review in "exceptional" cases.  *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

Here, there is no "substantial ground for difference of opinion" about the Court's ruling that the policy of insurance at issue is open.  Plaintiff pointed to "sparse" precedent and a 2017 decision of the Eastern District of Tennessee to demonstrate the existence of a difference of opinion.  (D.E. 63-1 at PageID 571.)  However, Defendant is correct that those contentions do not establish a "substantial ground for difference of opinion."  (D.E. 66 at PageID 630–31.)  First, Steadfast is right that there is little precedent on the issue.  (D.E. 63-1 at PageID 571.)  The undersigned acknowledged that fact when certifying the question to the Tennessee Supreme Court. (D.E. 39.)  However, that court declined to answer the question.  (D.E. 44-1.)  Thus, we are left to rely on the persuasive precedent on this matter of state law that does exist.  (*Id.*)  Second, the 2017

case highlighted by Plaintiff, *Horton v. State Farm Fire & Casualty Company*, No. 16-cv-59, 2017 WL 1397249 (E.D. Tenn. Jan. 17, 2017), does not support Steadfast's position. *Horton* addressed only whether the structure at issue suffered a total loss and noted—in passing—that the plaintiff was arguing that the policy was valued. *Id.* at *3–5. The court in *Horton* said nothing at all about whether the policy was in fact valued. *Id.* Furthermore, even if it had, two more recent cases of the Eastern District have ruled directly contrary to that conclusion, which would undercut *Horton*. *See Liu v. Rock Ridge Ins. Co.*, 662 F. Supp. 3d 793 (E.D. Tenn. 2023); Order, *Liang v. Rock Ridge Ins. Co.*, No. 22-cv-344 (E.D. Tenn. Sep. 8, 2023), ECF No. 35.

Likewise, while this Court has recognized that there is little precedent on this issue, the precedent that does exist is consistent. (D.E. 39.) Both cases from the Eastern District that addressed this question (one of which was reported) found that the policies were open, as did this Court in the instant lawsuit. *See Liu*, 662 F. Supp. 3d at 800; Order, *Liang*, No. 22-cv-344, ECF No. 35. Thus, there is no difference of opinion within the controlling circuit, and Plaintiff has cited to no case demonstrating such a disagreement. (D.E. 63-1.) While it admittedly would have been preferable for the Tennessee Supreme Court to have answered the question certified to it (D.E. 39), it declined to do so and, in the process, left the holdings from the Eastern District undisturbed (D.E. 44-1). Consequently, despite a lack of available precedent, the case law that does exist is not inconsistent.

In sum, this is not an "exceptional" case warranting interlocutory review. *In re City of Memphis*, 293 F.3d at 350. If Plaintiff wishes to appeal the Court's order denying its motion for judgment on the pleadings, it is of course welcome to do so at the conclusion of this litigation. The request for certification of the order for interlocutory review and for a stay is denied.

**CONCLUSION**

For the foregoing reasons, the motion for an interlocutory appeal and a stay (D.E. 63) is DENIED.  This case, consequently, shall proceed on Plaintiff's breach of contract theory based on the understanding that the subject insurance agreement is an open, not valued, policy.

Additionally, based on the representations of the parties at the status conference on July 25, the Court understands that a new scheduling order may be necessary.  As such, an order referring this case to the United States magistrate judge for a scheduling conference and new scheduling order will be forthcoming.

IT IS SO ORDERED this 26th day of July 2024.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE